190

**SMITH, Plaintiff-Appellee, v. SMITH, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25124.   Decided May 25, 1960.

William H. Vidmar, for plaintiff-appellee.
Richard H. Woods, for defendant-appellant.

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, GRIFFITH, PJ, of the Seventh District, sitting by designation in the Eighth District.)

**OPINION**

By GRIFFITH, PJ.

On December 16, 1936, the Cuyahoga County Court of Common Pleas granted a divorce to plaintiff-appellee from the defendant-appellant and ordered payment of $7.00 per week for support of minor son until he reaches the age of eighteen years.  On January 13, 1942, the minor son attained the age of eighteen years.  On October 23, 1956, plaintiff-appellee filed a motion to reduce the installment order to a lump-sum judgment and on November 24, 1959, the court found that the defendant on December 15, 1936, was ordered to pay plaintiff $7.00 per week for support of their minor child; that there was $1817.00 in unpaid installments and that the plaintiff-appellee was entitled to judgment in the amount of $1817.00 with interest at the rate of six per cent per annum from the 13th day of January, 1942, making a grand total of $3670.34.

The all-important question involved in this case is whether interest may be charged against the defendant on the installments becoming due prior to the date the installments were added together and reduced to judgment, to wit: November 24, 1959.  Sec. 1309.03 R. C., provides for interest at the rate of six per cent and no more upon all judgments, decrees and orders of any judicial tribunal for the payment of money.  In Judge Hart's opinion in the case of **Roach v. Roach, 164 Oh St 587**, at **page 590**, we find this pronouncement:

"This court has held that an order to pay installments for alimony or support of minor children, incorporated in a decree of divorce, is a

'judgment' for the amount of the instalments which are accrued and due, within the definition of that term as contained in §11582 GC (§2323.01 R. C.)."

Of like tenor is the holding of this Court of Appeals on December 6, 1957, in 107 Oh Ap 440, wherein Judge Doyle states:

"It follows, we believe, that execution may issue to enforce payment of each single installment as it falls due. However, as to a multiple of due and unpaid installments, under the execution statutes in this state (2329.09 R. C.), such unpaid and delinquent installments must be added together and reduced to a lump-sum judgment before execution may issue thereon."

The trial court could well have computed interest on each weekly payment as it accrued and became due under the law of this state but it computed interest only from the date of the last weekly accrual on the grand total of the weekly defaults. This, however, is no wise prejudicial to the rights of the appellant and the appellee is not complaining.

We find no merit to the other errors assigned.

In our opinion, the proceedings in the trial court after remand are free from prejudicial error.

The judgment is therefore affirmed.

Exceptions. Order see journal.

DOYLE, PJ, HUNSICKER, J, concur.